IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01130-BNB

RONALD CORDOVA, 57350,

    Plaintiff,

v.

SGT. RAY DOWLING,
P.A. TED LAURENCE,
P.A. T. SINGH,
P.A. GATEL CHAMJOCK,
C.O. MATTHEW ALLPHIN #145,
LT. ROD GLISSMAN #8430,
C.O. DIANA HILLYER #9355,
C.O. JOHNSON,
KEVIN VORWALD, #1785,
C.O. PECK,
C.O. CHRISTIAN,
ANA COOPER,
MARSHALL GRIFFITH,
ANTHONY DeCESARO,
S.C.F. WARDEN, KEVIN MILYARD (Official Capacity), and
OTHER UNNAMED DEFENDANTS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ronald Cordova, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Cordova filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343; 42 U.S.C. §§ 1983 and 1985; § 504 of the Rehabilitation Act of 1973; the Americans With Disabilities Act of 1990 (ADA) (Title II), 42 U.S.C. §§ 12101-12213; the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1); and the Institutionalized Persons

Act, 42 U.S.C. § 2000cc-1-(a). He asks for money damages and declaratory and injunctive relief.

Mr. Cordova has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe the complaint liberally because Mr. Cordova is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cordova will be ordered to file an amended complaint.

Mr. Cordova's complaint, which is single-spaced and totals twenty-eight pages, is confusing, repetitive, and verbose. He fails to make the jurisdictional basis for each claim clear. As a result, Mr. Cordova's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Cordova to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Cordova generally complains that DOC officials have subjected him to ongoing abusive conduct since his transfer from the Arkansas Valley Correctional Facility to the Sterling Correctional Facility on February 5, 2009. He maintains that the transfer was made in accordance with *Montez v. Owens*, No. 92-cv-00870-JLK, an action commenced pursuant to the ADA, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering from particular disabilities.

However, Mr. Cordova fails to set forth a short and plain statement of his seven asserted claims showing he is entitled to relief. He asserts that he was discriminated against when he was charged under the a Code of Penal Discipline with the unauthorized use of a handicapped area he claims he had to use because of an alleged mobility disability from a knee injury (claim one). He contends his rights under the Eighth Amendment, ADA, and the *Montez* remedial plan of August 27, 2003, have been violated by the medical treatment, or lack thereof, for his knees (claim two). He

alleges that prison officials subjected him to excessive force in violation of the Eighth Amendment, ADA, and Rehabilitation Act (claim three). He complains that his property rights were violated under the First, Fourth, Eighth, and Fourteenth amendments; the ADA; and the *Montez* remedial plan, because his property was confiscated and destroyed after his transfer to Sterling Correctional Facility. He also asserts claims pursuant to various statutory and other authority concerning grievances he filed regarding violations of the *Montez* remedial plan (claim five), the DOC grievance procedure (claim six), and the general conditions of his confinement, including being subjected to pepper spray and lockdown (claim seven).

The ADA is not designed to remedy alleged deficiencies or omissions in medical treatment provided to prisoners by the DOC. *See Montez*, 92-cv-00870-JLK, 2009 WL 1407293, at *4 (D. Colo. May 15, 2009) (unpublished). Rather the ADA is designed to insure that those who have permanent disabilities that prevent them from engaging in one or more major life activities are not discriminated against because of their disabilities. *Id.* In other words, in order for an ADA claim to be viable, it must be based on factual allegations that will stand on their own in the instant action irrespective of *Montez*. *See McNeil v. Guthrie*, 945 F2d 1163, 1166 n.4 (10th Cir. 1991) (an individual member of a class with individual claims must file a separate action). In addition, any disagreement Mr. Cordova has about the DOC's compliance with the *Montez* remedial plan must be directed to class counsel in *Montez*.

Mr. Cordova must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to

respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Cordova must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Cordova will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Cordova must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Cordova also must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cordova must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159,

166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), **cert. denied**, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Cordova may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his constitutional rights. However, if Mr. Cordova uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. To the extent Mr. Cordova is attempting to assert FTCA claims, he should note that in an FTCA action, the United States is the only proper defendant. 28 U.S.C. § 2679(d)(1).

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. **See** D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Cordova filed is difficult to read because it is single-spaced and typewritten in a font smaller than 12 points. The amended complaint Mr. Cordova will be directed to file, if handwritten, shall be double-spaced and handwritten or typewritten legibly in capital and lower-case letters in a 12-point font.

Mr. Cordova, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely and legibly, asserts which claims are asserted pursuant to which statute, alleges what constitutional rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Ronald Cordova, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Cordova, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Cordova fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01130-BNB

Ronald L Cordova
Prisoner No. 57350
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on June 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk