FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2011

GREGORY C. LANGHAM
　　　　　　　　　　CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01130-BNB

RONALD CORDOVA, 57350,

      Plaintiff,

v.

SGT. RAY DOWLING,
P.A. TED LAURENCE,
P.A. T. SINGH,
P.A. GATEL CHAMJOCK,
C.O. MATTHEW ALLPHIN #145,
LT. ROD GLISSMAN #8430,
C.O. DIANA HILLYER #9355,
C.O. JOHNSON,
KEVIN VORWALD, #1785,
C.O. PECK,
C.O. CHRISTIAN,
ANA COOPER,
MARSHALL GRIFFITH,
ANTHONY DeCESARO,
S.C.F. WARDEN, KEVIN MILYARD (Official Capacity), and
OTHER UNNAMED DEFENDANTS,

      Defendants.

---

### ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF

---

This matter is before the Court on the motions for a preliminary injunction and/or temporary restraining order (ECF No. 3) and for a court order (ECF No. 10) that Plaintiff, Ronald Cordova, filed *pro se* with the Court on April 28, 2011, and on June 9, 2011. Mr. Cordova is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.

In the motion for a preliminary injunction and/or temporary restraining order, Mr.

Cordova complains about the potential for injuries that may result from acts allegedly occurring in 2009, including an incident involving excessive force. In the motion for a court order, he asks the Court to stop Sterling Correctional Facility mail-room staff from interfering with his access to the courts by rejecting mail to his sister that contains court documents he apparently wants her to photocopy and return to him. He complains that photocopying legal papers through the prison law library is too expensive.

The Court must construe the motions liberally because Mr. Cordova is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be construed liberally as motions for injunctive relief and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v.*

*Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Cordova is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Cordova does not demonstrate a substantial likelihood of prevailing on the merits as to any potential injuries he may suffer stemming from 2009 acts, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Likewise, Mr. Cordova does not demonstrate how having to photocopy his documents through the prison law library interferes with his court access in the instant action in such a way as to cause him irreparable injury. Therefore, the motion for a preliminary injunction and/or temporary restraining order (ECF No. 3) and the motion for a court order (ECF No. 10) will be denied.

Accordingly, it is

ORDERED that the motions for a temporary restraining order and preliminary injunction (ECF No. 3) and for a court order (ECF No. 10) that Plaintiff, Ronald Cordova, filed with the Court on April 28, 2011, and June 9, 2011, and which the Court has treated as motions for injunctive relief, are denied.

DATED at Denver, Colorado, this 30th day of June, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01130-BNB

Ronald L Cordova
Prisoner No. 57350
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 30, 2011.

                                       GREGORY C. LANGHAM, CLERK

                            By: _____
                                            Deputy Clerk