IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01130-BNB

RONALD CORDOVA,

    Plaintiff,

v.

SGT. RAY DOWLING,
P. A. TED LAURENCE,
P. A. TEJINDER SINGH,
P. A. GATEL CHAMJOCK,
C/O MATTHEW ALLPHIN,
LT. ROD GLISSMAN,
C/O DIANA HILLYER,
C/O ( ) JOHNSON,
CAPT. KEVIN VORWALD,
ANTHONY DECESARO, Third Ster [sic] Grievance Officer, and
WARDEN KEVIN MILYARD, and
SGT. ( ) MOON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
                 CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Ronald Cordova, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action *pro se* by filing a prisoner complaint pursuant to 42 U.S. § 1983, the Rehabilitation Act of 1973, the Americans With Disabilities Act of 1990 (ADA), and other statutory authority for money damages and declaratory and injunctive relief. Mr. Cordova has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

On June 29, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Cordova to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court, and asserted the personal participation of each named Defendant. On July 8, 2011, Mr. Cordova objected to the June 29 order. On July 12, 2011, the Court overruled Mr. Cordova's objection, and allowed him thirty days in which to submit an amended complaint that complied with the June 29 order. On August 10, 2011, Mr. Cordova filed an amended complaint pursuant to § 1983, the Rehabilitation Act of 1973, the ADA, and other statutory authority for money damages and declaratory and injunctive relief.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Cordova is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Cordova's filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part as legally frivolous pursuant to § 1915(e)(2)(B).

Mr. Cordova's amended complaint primarily concerns his medical care. He asserts that on June 25, 2008, he was determined to be mobility disabled by the special master in *Montez v. Owens*, No. 92-cv-00870-JLK, an action commenced pursuant to the ADA and Rehabilitation Act on behalf of Colorado inmates suffering from particular disabilities. *See* 92-cv-00870-JLK, ECF No. 3478 (Final Order of Special Master) at 8. He generally alleges that he suffers from knee injuries.

Mr. Cordova asserts six claims. He alleges that he was subjected to cruel and unusual punishment when he was charged under the Code of Penal Discipline with unauthorized use of a handicapped area he claims he had to use because of his mobility disability from a knee injury (claim one). He further alleges that he has been subjected to deliberate indifference to his serious medical needs because he has failed to receive follow-up medical care for his injured knees (claim two). He argues that he suffered cruel and unusual punishment and a violation of the ADA when he allegedly was subjected to excessive force after trying to explain his disability to a prison official (claim three). He contends that Defendant Anthony DeCesaro, a grievance officer, has failed to remedy any of the violations he allegedly has suffered (claim four). He makes the vague and conclusory allegation that Defendant Warden Kevin Milyard has violated

his rights under the United States Constitution and the ADA and Rehabilitation Act (claim five). As his sixth and final claim, he alleges interference with his prison mail.

For the reasons stated below, Mr. Cordova's fourth and fifth claims will be dismissed. Magistrate Judge Boland warned Mr. Cordova in the June 29 order that personal participation by the named Defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Cordova therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Mr. Cordova was advised that a supervisor, such as Defendant, Warden Kevin Milyard, cannot be held liable under § 1983 merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Instead, a supervisor is only liable for a constitutional or statutory violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional or statutory violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds*, 614 F.3d at 1200-01 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Cordova's allegations against Defendant DeCesaro in claim four fail to allege

that Defendant's personal participation. Defendant DeCesaro is a Step III grievance officer. His only involvement in the alleged constitutional deprivations was to deny Plaintiff's grievances. That is not sufficient to hold Defendant DeCesaro liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009) (unpublished) (dismissing § 1983 claim against defendant who denied grievance where "[t]here is no allegation that [defendant] had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations that led [plaintiff] to file the grievance in the first place."). Plaintiff does not allege any specific facts to show that Defendant DeCesaro has the authority to make policy at the prison, as opposed to executing policy made by others. Defendant DeCesaro is therefore an improper party to this action. Claim four will be dismissed as legally frivolous.

Mr. Cordova's allegations against Defendant Warden Milyard in claim five not only fail to allege the Defendant's personal participation but, as previously stated, are vague and conclusory. In claim five, he generally asserts violations of:

> Plaintiff's 1st, 4th, 6th, 8th and 14th amendments to U.S. Constitutions [sic]; Discrimination Under the Americans Disability Act of 1990, Title II and V §§ 12101, 12132, 12203; § 504 of Rehabilitation Act of 1973, 42 USC § 1997(e), 42 USC 2000 cc1, Title CRS 17-1-104, A.R. 150-1.

ECF No. 17 (amended complaint) at 15.

He complains that since his arrival at the Sterling Correctional Facility on February 10, 2009, he has been subjected to violations of his constitutional rights and

5

the *Montez* remedial plan of August 27, 2003. He generally complains that Warden Milyard and his staff have failed to honor the *Montez* remedial plan for a variety of reasons, ranging from denying his right to property and privileges, to discriminating and retaliating against him, to holding him in a higher security level than that for a *Montez* class member. He makes the vague complaint that Warden Milyard failed to remedy any of these violations. He also complains that Warden Milyard, to whom he sent letters and who visited him in his cell, has been made aware of other constitutional violations, including the denial of law library access and religious services, and that somehow the warden is responsible for the treatment of every grievance he has filed and what he contends is "deliberate indifference" to his rights. *See* ECF No. 17 (amended complaint) at 16. That deliberate indifference, he argues, "establishes a pattern of unconstitutional behavior by municipal employees adopting policy's [sic] and customs so obvious of the guards actions that they 'should have known their [sic] wrong.'" *Id.*

The Court initially notes that Magistrate Judge Boland, in the June 29 order for an amended complaint, previously informed Mr. Cordova that any disagreement he has about the DOC's compliance with the *Montez* remedial plan must be directed to class counsel in *Montez*. Secondly, Mr. Cordova's vague and conclusory allegations attributing prison staff action or inaction to Warden Milyard are not sufficient to demonstrate personal participation. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court

reiterates that a supervisor, such as Warden Milyard cannot be held liable under § 1983 merely because of his supervisory position. See *Pembaur*, 475 U.S. at 479. Mr. Cordova's fifth claim for relief also will be dismissed as legally frivolous. Remaining claims one, two, three, and six, and the case will be drawn to a district judge and to a magistrate judge.

Finally, the Court will address the letter Mr. Cordova submitted on August 11, 2011, in which he protests being required to file an amended complaint, and informs the Court that he doesn't "waive any of the previous claims, and will preserve them for appeal to the 10th Circuit." See ECF No. 18 at 1. The Court will construe the August 11 letter as another objection to the June 29 order for an amended complaint, and will overrule the objection for the same reasons stated in the July 12 order overruling his July 8 objection.

Accordingly, it is

ORDERED that claims four and five asserted by Plaintiff, Ronald Cordova, are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that Defendant Anthony A. DeCesaro, who is only named as a Defendant in claim four, is dismissed as a party to this lawsuit. It is

FURTHER ORDERED that Defendant Warden Kevin Milyard, who is only named as a Defendant in claim five, is dismissed as a party to this lawsuit. It is

FURTHER ORDERED that the clerk of the Court remove the names of Anthony DeCesaro and Warden Kevin Milyard as parties to this lawsuit. It is

FURTHER ORDERED that remaining claims one, two, three, and six, and the case are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the letter (ECF No. 18) Mr. Cordova submitted on August 11, 2011, and which the Court has interpreted as another objection to the June 29, 2011, order for an amended complaint, is overruled for the same reasons stated in the July 12, 2011, order overruling his objection of July 8, 2011.

DATED at Denver, Colorado, this  26th  day of    September   , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01130-BNB

Ronald Cordova
Prisoner No. 57350
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 26, 2011.

                                      GREGORY C. LANGHAM, CLERK

                            By: _____
                                           Deputy Clerk