IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01130-PAB-CBS

RONALD CORDOVA # 57350,
    Plaintiff,
v.

SGT. RAY DOWLING,
P.A. TED LAURENCE,
P.A. TEJINDER SINGH,
P.A. GATEL CHAMJOCK,
C/O MATTHEW ALLPHIN,
LT. ROD GLISSMAN,
C/O DIANA HILLYER,
C/O JOHNSON,
CAPT. KEVIN VORWALD, and
SGT. MOON,
    Defendants.
_____

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Cordova's "Motion for Relief from Judgment/Order, Pursuant to Rule 60(b) C.R.C.P. of the Court's Order Dated 9-26-2011" (filed October 6, 2011) (Doc. # 29); (2) Mr. Cordova's "Motion for Response to Plaintiff's, Last Motion Pursuant to Rule 60 Relief from Judgment" (filed November 14, 2011) (Doc. # 33); and (3) "Defendants' Motion for Enlargement of Time for Defendants Dowling and Allphin to Respond to Plaintiff's Amended Complaint" (filed November 15, 2011) (Doc. # 36). Pursuant to the Order of Reference dated September 30, 2011 (Doc. # 21) and the memoranda dated October 7, 2011 (Doc. # 30), November 15, 2011 (Doc. # 35), and November 16, 2001 (Doc. # 37), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file, and the applicable law

1

and is sufficiently advised in the premises.

By an Order entered September 26, 2011 (Doc. # 19), District Judge Babcock ordered that Claims 4 and 5 and Defendants DeCesaro and Milyard be dismissed from the Amended Complaint. (*See* Doc. # 19). Mr. Cordova moves pursuant to Fed. R. Civ. P. 60(b) "for relief and reconsideration" of Judge Babcock's Order. Mr. Cordova argues that Claims 4 and 5 and Defendants DeCesaro and Milyard should not have been dismissed from the case.

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." *Vigil v. Colorado Dept. of Corrections*, 2011 WL 1518660, at * 1 (D. Colo. April 20, 2011) (citations omitted).[1] "Where, as here, a party seeks reconsideration of a non-final order, that motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Vigil*, 2011 WL 1518660, at * 1 (internal quotation marks and citations omitted). "However, '[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.' " *Vigil*, 2011 WL 1518660, at * 1 (quoting *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010)). "Although courts in this district have applied different standards, . . . , the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Vigil*, 2011 WL 1518660, at * 1. "Motions for reconsideration are 'inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the

---

[1] Copies of unpublished decisions cited are attached to this Recommendation.

time of the original motion . . . Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.' " *Vigil*, 2011 WL 1518660, at * 1 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000)).

Mr. Cordova has not demonstrated that, in dismissing Claims 4 and 5 and Defendants Decesaro and Milyard, Judge Babcock misapprehended the facts, a party's position, or the controlling law.  Judge Babcock dismissed those Claims and Defendants based on the lack of allegations of personal participation, quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983") and citing *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. 2009) (unpublished) (dismissing § 1983 claim against Defendant who denied grievance where "[t]here is no allegation that [defendant] had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations that led [plaintiff] to file the grievance in the first place").  (*See* Doc. # 19 at 4-5 of 9). Judge Babcock also determined that the allegations against Defendant Milyard "not only fail to allege the Defendant's personal participation but, as previously stated, are vague and conclusory." (*See id*.; *see also* Doc. # 12).

Mr. Cordova now argues that the Amended Complaint and attached letters and grievances sent to Defendants Milyard and DeCesaro provided sufficient allegations of personal participation.  Mr. Cordova continues to rely on nothing more than grievances and letters he wrote to support an allegation of personal participation by Defendants

3

Milyard and DeCesaro.  Mr. Cordova's allegations remain insufficient to state a claim upon which relief can be granted against Defendants Milyard and DeCesaro.  Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted).  Allegations that Defendants Milyard and DeCesaro, as the warden and grievance officer, respectively, were sent grievances and/or correspondence is not sufficient to establish their personal participation in a constitutional violation.  See *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (fact that Defendants rejected administrative grievances does not demonstrate personal participation in the underlying action that gave rise to the grievances); *Vigil*, 2011 WL 1518660, at * 1 ("In the Tenth Circuit, constitutional allegations against an actor whose only involvement was during the grievance process do not state a claim.") (citations omitted); *Quintana v. Doe*, 2010 WL 2650052, at * 7 (D. Colo. June 30, 2010) ("Receiving correspondence does not establish the personal participation required to trigger personal liability under 42 U.S.C. § 1983.") (citing *Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004) (unpublished) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation); *Walker v. Meyer*, 2009 WL 961490, *4 (D. Colo. Apr. 7, 2009) ("[M]ere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights. . . . The 'mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct.' ") (quoting *Boles v. Dansdill*, 2007 WL 2770473, *4 (D. Colo. Sept. 20, 2007)).  "To hold a supervisory prison official liable on the basis of communications he received, would be to

hold any well informed [prison official] personally liable for damages flowing from any constitutional violation occurring at any jail within that [official's] jurisdiction. We believe that such a broad theory of liability is inconsistent with the personal responsibility requirement for . . . a section 1983 action." *Walker,* 2009 WL 961490, at *4 (internal quotation marks and citation omitted). Accordingly,

      IT IS RECOMMENDED that Mr. Cordova's "Motion for Relief from Judgment/Order, Pursuant to Rule 60(b) C.R.C.P. of the Court's Order Dated 9-26-2011" (filed October 6, 2011) (Doc. # 29) be DENIED.

      Further, IT IS ORDERED that:

      1.    Mr. Cordova's "Motion for Response to Plaintiff's, Last Motion Pursuant to Rule 60 Relief from Judgment" (filed November 14, 2011) (Doc. # 33) is MOOT in light of the court's Recommendation herein.

      2.    "Defendants' Motion for Enlargement of Time for Defendants Dowling and Allphin to Respond to Plaintiff's Amended Complaint" (filed November 15, 2011) (Doc. # 36) is GRANTED. Defendants Dowling and Allphin shall answer or otherwise respond to the Amended Complaint on or before December 5, 2011.

**Advisement to the Parties**

      Within fourteen days after service of a copy of a Magistrate Judge's Order or Recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate

judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The district court "shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See* Fed. R. Civ. P. 72(a) ("a party may not assign as error a defect in the order not timely objected to"); *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (failure to object to Magistrate Judge's order "strips us of jurisdiction to review the challenged order") (internal quotation marks and citation omitted). *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling); *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 17th day of November, 2011.

BY THE COURT:

　　　s/Craig B. Shaffer　　　
United States Magistrate Judge