IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01130-PAB-CBS

RONALD CORDOVA,

    Plaintiff,

v.

SGT. RAY DOWLING, et al.,

    Defendants.

## ORDER

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 38]. The magistrate judge recommends that the Court deny plaintiff's motion [Docket No. 29] seeking reconsideration of the Court's September 26, 2011 order. Plaintiff filed objections to the Recommendation on November 25, 2011. Although those objections do not appear directed to certain bases underlying the Court's September 26 order, the Court will nevertheless review the Recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3). The Court, however, does not construe plaintiff to be objecting to the orders issued by the magistrate judge.[1] In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

---

[1] On November 14, 2011, plaintiff filed a motion [Docket No. 33] requesting that his motion for reconsideration be addressed. The magistrate judge ordered that plaintiff's November 14 motion was moot in light of the Order and Recommendation. *See* Docket No. 38 at 5. The magistrate judge also granted a motion for extension of time [Docket No. 36] filed by two of the defendants. *See* Docket No. 38 at 5.

1106, 1110 (10th Cir. 1991).

Plaintiff, who is incarcerated at the Sterling Correctional Facility in Sterling, Colorado, filed an amended complaint [Docket No. 17] on August 10, 2011 which contained six claims. Plaintiff's claims are based on allegations that defendants have inadequately treated, and failed to accommodate, injuries to his knees. In the September 26, 2011 order, the Court dismissed plaintiff's fourth and fifth claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Docket No. 19 at 7.[2]

Plaintiff asserts his fourth claim for relief against defendant Anthony DeCesaro, who is a Colorado Department of Corrections Grievance Officer. Plaintiff fails to explain how the Court was clearly in error[3] when it concluded that, because claim four alleged

---

[2]The Court further ordered that the remaining claims (one, two, three, and six) be drawn to a district judge and magistrate judge. *Id.* The September 26, 2011 order was issued by Senior Judge Lewis T. Babcock.

[3]As the Recommendation points out, the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *See Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). The Court does have the plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). To avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, however, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co., No.*, 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). The basic assessment in those cases tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

2

that defendant DeCesaro's "only involvement in the alleged constitutional deprivations was to deny Plaintiff's grievances," Docket No. 19 at 5, it must be dismissed for failure to adequately allege personal participation by defendant DeCesaro. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

In his fifth claim for relief, plaintiff cites numerous constitutional and statutory provisions he contends defendant Kevin Milyard, the warden of the Colorado Department of Corrections' Sterling Correctional Facility, violated. To the extent this claim rests upon alleged violations of a remedial plan in Civil Action No. 92-cv-00870-JLK, plaintiff fails to explain why such violations should not be addressed in the context of that case.[4] Furthermore, plaintiff has not identified how the Court's conclusion that his allegations regarding defendant Milyard failed to alleged personal participation was clearly in error. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) ("[C]orrespondence [to the warden] outlining [a] complaint . . . without more, does not sufficiently implicate the warden under § 1983."). Finally, plaintiff alleges that defendant Milyard had *ex parte* communications with the judge in his state criminal trial regarding the use of an electronic control device on plaintiff during the trial and also somehow interfered with his communications with counsel. Plaintiff's allegations are too vague to support his claims for relief and, to the extent he does allege facts, such facts do not support the inference that defendant Milyard engaged in any impropriety

---

[4]The docket in Civil Action No. 92-cv-00870-JLK reveals that there are ongoing proceedings related to compliance with the remedial plan.

3

that would support plaintiff's request for relief in claim five.  *Cf.* Docket No. 40 at 3.

For the foregoing reasons, it is

**ORDERED** that the magistrate judge's recommended disposition in the Order and Recommendation of United States Magistrate Judge [Docket No. 38] is ACCEPTED.  It is further

**ORDERED** that plaintiff's motion for reconsideration [Docket No. 29] is DENIED.


DATED August 27, 2012.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge