IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01130-PAB-CBS

RONALD CORDOVA,

     Plaintiff,

v.

SGT. RAY DOWLING, et al.,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 56].  The magistrate judge

recommends that the Court grant the motion to dismiss or, alternatively, for summary

judgment on plaintiff's third claim for relief [Docket No. 41] and close this case in its

entirety.  On April 25, 2012, the Court granted [Docket No. 58] plaintiff an extension of

time until May 24, 2012 to file any objections to the Recommendation.  Plaintiff filed his

objections [Docket No. 59] on May 25, 2012.  Nevertheless, the Court will consider

plaintiff's objections to be timely and will review de novo those aspects of the

Recommendation to which plaintiff has objected.  *See* Fed. R. Civ. P. 72(b)(3).  In light

of plaintiff's pro se status, the Court will construe his filings liberally.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

Plaintiff, who is in the custody of the Colorado Department of Corrections

("CDOC") at the Sterling Correctional Facility ("SCF"), has four remaining claims in this

case (Claims One, Two, Three, and Six).  The magistrate judge recommends that the Court dismiss Claims One and Two, which allege violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.  The magistrate judge concluded that plaintiff's Eighth Amendment claim failed to comply with the two-year statute of limitations applicable to claims brought pursuant to 42 U.S.C. § 1983. The magistrate judge further found that, because plaintiff sued defendants only in their individual capacities, plaintiff failed to state an ADA or Rehabilitation Act claim.  The magistrate judge further recommends that the Court dismiss Claim One, which alleges a violation of the First Amendment, due to plaintiff's failure to adequately allege personal participation by the only defendant named in that claim.

Plaintiff has not objected to these aspects of the Recommendation.  *See generally* Docket No. 59.[1]   In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  In this matter, the Court has reviewed the Recommendation's conclusions regarding Claims One, Two, and Six to

---

[1]*See* Docket No. 61 at 2 (where defendants stated that, "[i]n his objections, Plaintiff challenged only the recommendation to grant summary judgment on Claim Three" and "did not object to the Court's recommendation to dismiss Claims One, Two, and Six"); Docket No. 62 (where plaintiff, in reply, did not dispute that reading of his objections).

satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

the Recommendation is a correct application of the facts and the law.

Plaintiff objects to the magistrate judge's recommendation that defendants be

granted summary judgment on Claim Three, an excessive force claim pursuant to the

Fourth Amendment arising out of an alleged incident on July 27, 2009, due to plaintiff's

failure to exhaust the available administrative remedies.  The Prison Litigation Reform

Act ("PLRA"), 42 U.S.C. § 1997e, requires prisoners to exhaust available administrative

remedies prior to filing a federal lawsuit regarding prison conditions.  A plaintiff's failure

to complete the administrative review process is an affirmative defense.  *See Jones v.*

*Bock*, 549 U.S. 199, 216 (2007).  Therefore, defendants had the initial burden of

coming forward with evidence showing their entitlement to summary judgment on this

claim.  *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

"[P]risoners must 'complete the administrative review process in accordance with

the applicable procedural rules.'"  *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*,

548 U.S. 81, 88 (2006)).  Plaintiff was required to complete a three-step grievance

process.  *See* CDOC Administrative Regulation ("AR") 850–04; Docket No. 41-1 at 5-

19.  AR 850-04 requires that grievances include "the relief requested."  *See* Docket No.

41-1 at 7; *see id.* at 8 ("Each grievance shall address only one problem or complaint

and include a description of the relief requested.").  Defendants filed plaintiff's three

---

[2]This standard of review is something less than a "clearly erroneous or contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo
review.  Fed. R. Civ. P. 72(b).

grievances, *see* Docket No. 41-1 at 20, 22-23, wherein plaintiff failed to request any

relief for the alleged excessive force about which he complained.  *See id.* at 20 ("Relief:

I just want to exhaust the grievance system and file a law[]suit in [f]ed[eral] [c]ourt.").  In

fact, plaintiff appeared to disclaim any interest in having his complaints addressed via

the grievance procedures, thus thwarting the very purpose of the PLRA exhaustion

requirement.  *See id.* at 23 ("Relief: As I said before, if I had requested relief against

these officers, nothing would ever come.  SCF staff think they are above the law and its

conduct shows daily.  My only true relief will be in the [f]ederal court.  AR 850-[0]4 does

not say a[n] inmate must pr[e]vail before or after exercising the grievance system.  That

is what I am doing.  The grievance system is just a barrier to discourage inmates from

using it.  And [the] third [s]tep is a mockery."); *Whitington v. Ortiz*, 472 F.3d 804, 807

(10th Cir. 2007) ("The purpose of this exhaustion requirement is to reduce the quantity

and improve the quality of prisoner suits by (1) allowing prison officials an opportunity to

satisfy the inmate's complaint — thus obviating the need for litigation; (2) filtering out

some frivolous claims; and (3) creating an administrative record that facilitates review of

cases that are ultimately brought to court.") (citing *Porter v. Nussle*, 534 U.S. 516, 524-

25 (2002)).[3]  Therefore, the Court will accept the Recommendation's conclusion that

---

[3]Plaintiff argues that there were no remedies applicable to his excess force
claim.  *See* Docket No. 59 at 1.  AR 850-04, however, identifies, among other examples
of remedies, "modification of facility policy" and "assurance that abuse will not recur."
Docket No. 41-1 at 6.  Furthermore, "[e]ven when [a] prisoner seeks relief not available
in grievance proceedings . . . exhaustion is a prerequisite to suit."  *Porter*, 534 U.S. at
524.  And the Supreme Court "will not read futility or other exceptions into statutory
exhaustion requirements where Congress has provided otherwise."  *Booth v. Churner*,
532 U.S. 731, 741 n. 6 (2001).

summary judgment should enter in favor of defendants on Claim Three.[4]

Plaintiff filed documents entitled "Judicial Notice" on July 11, 2012 [Docket No. 63] and August 27, 2012 [Docket No. 65].  The Court interprets these documents as motions requesting that the summary judgment record, and his objections, be supplemented to include grievances he has filed in the last few months regarding the July 27, 2009 incident.  As an initial matter, this grievances post-date the initiation of this action in federal court, and "[r]esort to a prison grievance process must precede resort to a court."  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (citation and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199; *see Wilson v. Williams*, 2010 WL 4676994, at *2 n.2 (W.D. Okla. Sep. 24, 2010) ("Because exhaustion of administrative remedies is a prerequisite to filing a civil rights action, those [post-complaint] requests to staff are not relevant to the determination of whether Plaintiff satisfied § 1997e(a)'s exhaustion requirement.").  Furthermore, AR 850-04 requires that a "Step 1 grievance must be filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance."  Docket No. 41-1 at 10.[5]  Consequently, the Court will deny plaintiff's request to consider the May 16, 2012 grievance.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

---

[4]The Court, therefore, need not address defendants' argument regarding whether plaintiff's step-three grievance was timely.  *Cf.* Docket No. 56 at 13.

[5]The Court notes that, in his May 16 grievance, plaintiff seeks an assurance that he will not be subjected to excessive force again.  *See* Docket No. 63 at 3 (citing AR 850-04's section identifying examples of available remedies); *cf. supra* n. 3.

No. 56] is ACCEPTED.  It is further

**ORDERED** that defendants' motion to dismiss or, alternatively, for summary

judgment on plaintiff's third claim for relief [Docket No. 41] is GRANTED.  It is further

**ORDERED** that Claims One, Two, and Six are dismissed and summary

judgment is granted to defendants on Claim Three.  It is further

**ORDERED** that plaintiff's motions to supplement [Docket Nos. 63, 65] are

DENIED.  It is further

**ORDERED** that this case shall be closed in its entirety.


DATED August 27, 2012.

                                     BY THE COURT:


                                      s/Philip A. Brimmer

                                     PHILIP A. BRIMMER

                                     United States District Judge